UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| *In re*: | Chapter 11 |
| **700 TRUST**, | Case No. 25-00051-FMD |
| Debtor. | |
| _____/ | |

**INTERESTED PARTIES' MOTION FOR SANCTIONS AGAINST
GREGORY MYERS, BARBARA KELLY, AND DEBTOR'S COUNSEL
UNDER 11 § U.S.C. 105 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011**

Interested parties NAPLES PROPERTY HOLDING COMPANY, LLC, NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC, as Trustee, NAPLES BEACH CLUB PHASE II and III LAND TRUST TRUSTEE, LLC, as Trustee, and NBC CLUB OWNER, LLC, Tides Note on Note Lender I, LLC (the "Movants") move the Court (the "Motion") for the entry of an Order awarding monetary sanctions pursuant to 11 U.S.C. § 105(a) and/or pursuant to Rule 9011(c)(1), Fed. R. Bankr. P., against Gregory Myers and Barbara Kelly, husband and wife and so called trustees and beneficiaries of the debtor 700 Trust ("Debtor"), and Debtor's counsel, Michael Gort, for filing this case for the purpose of hindering, delaying, and interfering with Movants' ongoing matters in other Courts.

**Jurisdiction and Venue**

1. The Court's subject matter jurisdiction is derived from 28 U.S.C. § 1334. The Court has statutory authority to hear and determine this proceeding under 28 U.S.C. § 157(a) and (b)(1), and the general order of reference from the United States District Court for the Southern District of Florida. The Court has constitutional authority to enter final orders in this proceeding. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

1

**Background**

2.      The Court is familiar with these litigants and the history of their abuse of the judicial system. The following is a truncated recitation of the salient facts that form the foundation for the relief sought herein. Movants adopt, as if more fully set forth herein, the prior two motions to dismiss and related relief. *See*, ECF Nos. 53[1] and 315.

3.      This bankruptcy case comes before the Court as the Chapter 11 Bankruptcy for the Debtor 700 Trust. However, this case really is an abusive refiling of Debtor's beneficiaries, Gregory Myers and Barbara Kelly, who were barred from filing a bankruptcy case for several years as a result of their abuse of the bankruptcy court system. This filing was made not for any legitimate bankruptcy purpose but, rather, solely to perpetuate another delay of pending litigation in state court. In particular, this filing was designed to frustrate the state court's issuance of a certificate of title to property sold at a foreclosure sale weeks before being purportedly conveyed by Mr. Myers and Ms. Kelly to Debtor ["Foreclosed Property"]..

4.      For the last decade these litigants have abused the court system, robbed honest debtors of a spot on the docket, delays parties like Movants from exercising their legal rights while also forcing the same parties to litigate the frivolous actions to protect those rights. To prevent that ongoing abuse, this Court and a sister court imposed filing injunctions against Mr. Myers and Ms. Kelly. Aided by their counsel, the Debtor was created and this case was soon thereafter filed for the purpose of avoiding those injunctions. The question presented by this Motion is whether this Court will acquiesce to that blatantly contemptuous conduct.

---

[1] Movant's *Exigent Motion to Confirm Automatic Stay does not Apply to Certain Pending Matters, to Dismiss this Case for Violating Existing Filing Injunctions, and for Sanctions against the Beneficiaries of the Debtor and Counsel* [ECF 53], which motion was filed in this case prior to the inter-district transfer to this Court.

2

## Requested Relief

5. Movants request that the Court award monetary sanctions pursuant to 11 U.S.C. § 105(a) and/or pursuant to Rule 9011(c)(1), Fed. R. Bankr. P., for filing this case for the purpose of hindering, delaying, and interfering with ongoing matters in other courts.

## Basis for Requested Relief

6. A bankruptcy court's power to control the conduct of parties before it, including the determination that a party should be sanctioned for contemptuous conduct, is based both in statute allowing bankruptcy courts to enter orders necessary or appropriate to carry out provisions of the Bankruptcy Code and in the inherent power of the federal courts. *In re Kozich*, 406 B.R. 949 (Bankr. S.D. Fla. 2009); 11 U.S.C. § 105(a).

7. Sanctions under the court's inherent powers can be assessed when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, has delayed or disrupted litigation, or has taken actions in the litigation for an improper purpose. *In re Little Rest Twelve, Inc.*, 2015 WL 1318912, at *2 (Bankr. S.D. Fla. Mar. 16, 2015). A federal court's inherent authority to sanction includes pre-filing restrictions such as enjoining future filings without leave of court and the imposition of monetary sanctions. *Id.*; *In re Soler*, 2022 WL 1077991, at *2 (Bankr. S.D. Fla. Apr. 8, 2022). Moreover, a bankruptcy court has the ability to sanction through a fine a Debtor's principal for filing a "bad faith" bankruptcy. *In re Wynwood Mercantile Corp.*, 81 B.R. at 689.

8. The Court may, additionally, grant sanctions based on its inherent authority under 11 U.S.C. § 105(a) to "control and discipline attorneys appearing before it." *In re Turner*, 519 B.R. 354, 358–59 (Bankr. S.D. Fla. 2014) (quoting *In re Mroz*, 65 F.3d at 1575). Sanctions under the Court's inherent authority require a finding of bad faith. *In re Mroz*, 65 F.3d at 1575; see also In re Golan, 2020 WL 933271, at *4 (Bankr. S.D. Fla. Feb. 19, 2020).

9. Under FRBP 9011(c), "the court may . . . impose an appropriate sanction . . . [i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated." Fed. R. Bankr. P. 9011(c). Fed. R. Bankr. P. 9011 provides, in pertinent part:

> (b) By presenting to the court a petition, pleading, written motion, or other document— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:
>
> (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;
>
> (3) the allegations and factual contentions have evidentiary support—or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Fed. R. Bankr. P. 9011(b).

10. FRBP 9011 is intended to deter and punish those parties responsible for bringing forth meritless actions that result in needless litigation delay and expense. Sanctions under FRBP 9011(b) may only be granted where "(1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose." *In re Porto*, 645 F.3d 1294, 1303 (11th Cir. 2011) (quoting *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1572 (11th Cir. 1995)).

11. The question of whether a party has violated FRBP 9011 is left to the discretion of the bankruptcy court upon its review of the totality of the circumstances. *See In re Fazzary*, 530 B.R. 903, 906 (Bankr. M.D. Fla. 2015); *In re Grigsby*, 233 B.R. 558, 559 (Bankr. S.D. Fla. 1999); *Skandinaviska-Enskilda Banken v. C.L.C. marine Serv., Ltd. (In re SeaEscape Cruises, Ltd.)*, 172 B.R. 1002, 1014 (S.D. Fla. 1994).

12. And here, Mr. Myers, Ms. Kelly, and Mr. Gort were placed on notice by the court that sanctions may be imposed on one or more of them. *See Memorandum Opinion And Final Order Granting, In Part, Interested Parties' Exigent Motion To Confirm Automatic Stay Does Not Apply To Certain Pending Matters, To Dismiss This Case For Violating Existing Filing Injunctions, And For Sanctions Against The Beneficiaries Of The Debtor And Counsel (ECF No. 53) and Providing Notice To Certain Courts And Clerks* [ECF No. 90] dated December 27, 2024 (the "December Order"), at pp. 15 and 16. Mr. Myers and Ms. Kelly were further put on notice of being designated "vexatious litigants" subject to additional sanctions in the form of bar to future filings in this and other courts. *Id*.

13. With respect to Mr. Myers and Ms. Kelly, the reason and need for sanctions is apparent from the record. There can be no serious question that this bankruptcy was filed in bad faith and warrants the imposition of monetary sanctions. The Debtor is a sham entity created as a vehicle for Mr. Myers and Ms. Kelly to obtain another bankruptcy stay – an injunction issued without notice upon filing of a case in bankruptcy court – notwithstanding existing injunctions against their filing another case. On the same day, in blitzkrieg fashion, Mr. Myers and Ms. Kelly formed the Debtor, purportedly conveyed the Foreclosed Property to the Debtor, and caused the Debtor to file the bankruptcy petition here. Notably, the profile of this case (i.e. scheduled assets and liabilities) is no different from the previous 10 combined bankruptcies that have been filed by Mr. Myers and Ms. Kelly. There is no legitimate bankruptcy purpose – evidenced by the failure to engage in normal pleading practice in this court following a case filing. Rather, this case was filed solely for the purpose of obtaining a new automatic stay which Mr. Myers and Ms. Kelly used to frustrating the efforts of creditors like Movants from enforcing their interests in other courts. Quite apart from the impact this has on those other courts, the direct impact to the Movants has been the increased delay and substantial legal fees and costs attending to these illegitimate actions.

14. With respect to Mr. Gort, sanctions are appropriate because Mr. Gort was well aware of the filing injunctions at the time of taking on the representation of Mr. Myers and Ms. Kelly in this case. He previously represented Mr. Myers and Ms. Kelly in the foreclosure proceeding against their former homestead property, 700 Gulf Shore Boulevard, Naples, Florida, and, therefore, he knew enough to ascertain the status of that matter prior to filing this case (which is predicated on the propriety of a post-*lis pendens*, post-foreclosure sale conveyance of that asset to the Debtor). And, Mr. Gort was well aware of their bankruptcy history upon being informed by counsel to the Movants, assuming he was not aware previously, and the related state and federal court cases. Mr. Gort continues to enable Mr. Myers and Ms. Kelly's bad faith litigation and such actions violate Fed. R. Bankr. P. 9011(b)(1)—he filed this case for the Debtor for an improper purpose and to cause unnecessary delay or needless increase in the cost of litigation. As a result, this Court should assess sanctions against Mr. Gort to deter him from filing such illegitimate cases in the future.

15. During the hearing on December 18, 2024, after hearing the arguments of the all parties including Mr. Gort on behalf of the Debtor, Judge Specie stated on the record that she "[could] not fathom any bankruptcy court in this nation . . . agreeing that this case and some of the other things that have been filed in the last two weeks in other courts are in good faith. I just can't imagine it." *See Transcript Re: hearing held 12/18/2024 on Order to Show Cause Why This Case Should Not Be Transferred to the Bankruptcy Court for the Middle District of Florida; Motion for Clarification* [ECF 84, at pp. 31].

16. Judge Specie also highlighted Mr. Myers and Ms. Kelly's bad faith filing in her Order Granting, in Part, Movant's Exigent Motion:

> The instant case is a thinly disguised attempt to continue several years' worth of bad faith litigation under cover of a "business trust" formed, apparently, for the sole and exclusive purpose of continuing Mr. Myers' and Ms. Kelly's bad faith legal actions. This must stop . . . .

6

### Notice that parties connected to 700 Trust may be designated "vexatious litigants."

> Mr. Myers and Ms. Kelly are hereby put on notice that the Court reserves jurisdiction to consider whether they should be deemed "vexatious litigants," possibly subject to an additional sanction in the form of a bar against future filings in this and other courts.

*See* December Order at pp 8, 15 (citing *In re Nyamusevya*, 654 B.R. 581 (Bankr. S.D. Ohio 2023); *In re United States Corp. Co.*, Case No. 20-40375-KKS, 2021 WL 1100078 (Bankr. N.D. Fla. Jan. 22, 2021).

17. Furthermore, the December Order also provided notice to Mr. Myers, Ms. Kelly and Mr. Gort notice that their conduct may subject them to sanctions under Section 105(a), Rule 9011, or both:

### Sanctions under Section 105(a) of the Code, or Rule 9011, or both.

> In light of the history of this case and those that preceded it, the Court deems it appropriate to put Mr. Myers, Ms. Kelly, and attorney Gort on notice (or remind them, as the case may be) that sanctions may be imposed against one or more of them for filings in this case and in others . . .
> The Court reserves jurisdiction to consider and determine sanctions pursuant to 11 U.S.C. § 105(a) and Rule 9011 under a separate motion. This reservation of jurisdiction shall apply whether or not the Court dismisses this case or transfers this case to the Bankruptcy Court for the Middle District of Florida.

*See* December Order, at pp 14-16.

18. Over a month has passed since Judge Specie put these parties on notice that they may be sanctioned and the parties have taken no action to remediate their bad faith litigation tactics. In fact, Mr. Myers has doubled down on his contemptuous conduct by filing an erroneous *Suggestion of Bankruptcy* on January 31, 2025 (more than a month after the December Order) with the United States Court of Appeals for the District of Columbia Circuit attached as Exhibit A to ECF No. 115.

19. These litigants have burdened the court and the court system for too long with their frivolous bankruptcy filings and the use of those filings to delay non-bankruptcy litigation. Their tactics have caused Movants to suffer damages in the form of delay, increased attorneys' fees, and costs. It is long overdue for Mr. Myers, Ms. Kelly, and Mr. Gort pay for the damage they have caused, literally and figuratively, so as to deter them from attempting these illegitimate maneuverers again.

**WHEREFORE**, Movants respectfully request that this Court enter an Order: (i) granting this Motion; (ii) awarding monetary sanctions against Mr. Myers, Ms. Kelly, and counsel for the Debtor; (iii) setting a further hearing and procedure for liquidating such monetary sanctions; and (iv) granting such other and further relief as is deemed just and proper under the circumstances presented.

Dated: February 14, 2025

Respectfully submitted,
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Ste. 2200
Miami, FL 33130
Telephone: (305) 789-3598

By: /s/ Drew M. Dillworth
    Drew M. Dillworth
    Florida Bar No. 167835
    ddillworth@stearnsweaver.com
    JULIA ANNE OSMOLIA, ESQ.
    Florida Bar No. 1035614
    jaosmolia@stearnsweaver.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on February 14, 2025, a true and correct copy of the foregoing document was furnished to (a) those parties registered to receive NEF in this case, (b) to Gregory B. Myers by electronic mail at gregbmyers@verizon.net, to Barbara Kelly by electronic mail at bakellymyers@verizon.net, and to Michael A. Gort, Esq. by electronic mail at mike@gortlaw.com on February 14, 2025, and (c) by First Class Mail on February 14, 2025 to those parties who are not registered to receive NEF in this case, as indicated on the attached Service List.

Dated: February 14, 2025.

                                            Respectfully submitted,

                                            **STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: */s/ Drew Dillworth Esq.*
     DREW M. DILLWORTH
     ddillworth@stearnsweaver.com

## SERVICE LIST
## Case No.: 25-00051-FMD
## United States Bankruptcy Court, Meddle District of Florida

(a) The following parties are registered to receive Notice of Electronic Filing and should have been served through CM/ECF.

*Drew M Dillworth*
ddillworth@stearnsweaver.com
ddillworth@stearnsweaver.com
fsanchez@stearnsweaver.com
jless@stearnsweaver.com
mfernandez@stearnsweaver.com

Michael Alan Gort, Esq.
mike@gortlaw.com

*Benjamin E. Lambers*
Ben.E.Lambers@usdoj.gov

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

(b) The following parties were served via Electronic Mail on February 13, 2025:

Gregory B. Myers
*gregbmyers@verizon.net*

Barbara Kelly
*bakellymyers@verizon.net,*

(c) The following parties were served via First Class Mail on February 14, 2025:

| | | |
|---|---|---|
| Bank of America National Association<br>Attn Bankruptcy Department<br>3476 Stateview Boulevard<br>Fort Mill, SC 29715-7203 | U.S. Bank NA as Trustee for Credit Suisse First Boston CSFB 2005-11<br>6200 S Quebec Street, Ste 300<br>Attn: Specialized Loan Servicing<br>Greenwood Village, FL 8011 | US Bank NA, as Trustee for Credit Suisse First Boston CSFB 2005-11 c/o Newrez LLC<br>Attention: Bankruptcy Department<br>P.O. Box 10826<br>Greenville, SC 29603-0826 |
| US Bank NA, as Trustee for Credit Suisse Fi Boston CSFB 2005-11 c/o Newrez LLC<br>Attention: Bankruptcy Department<br>P.O. Box 10826<br>Greenville, SC 29603-0826 | 700 Trust<br>700 Gulf Shore Boulevard North<br>Naples, FL 34102-5325 | Bank of America, National Association<br>Attention: Bankruptcy Department<br>3476 Stateview Boulevard<br>Fort Mill, SC 29715-7203 |
| Benjamin E. Lambers<br>501 E. Polk Street, Suite 1200<br>Tampa, FL 33602-3945 | City of Naples<br>380 Riverside Circle<br>Naples, FL 34102-1403 | Collier County Tax Collector<br>3291 E. Tamiami Trail<br>Naples, FL 34112-3972 |

| | | |
|---|---|---|
| David Duvoisin<br>Tides Note on Note Lender I, LLC<br>1209 Orange Street<br>Wilmington, DE 19801-1120 | Gregory B. Myers<br>700 Gulf Shore Blvd.<br>Naples, FL 34102-5325 | Internal Revenue Service<br>1700 Palm Beach Lakes Blvd.<br>West Palm Beach, FL 33401-2006 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Michael A Gort<br>Michael A. Gort, PA<br>601 Heritage Dr<br>Suite 457<br>Jupiter, FL 33458-2777 | Naples Beach Club Entities<br>c/o Glenn Burhans, Jr., Esq.,<br>Stearns Weaver Miller Weissler et al.<br>106 East College Ave., Ste 700<br>Tallahassee, FL 32301-7721 |
| Naples Golf & Beach Club, Inc.<br>c/o Jeffrey D. Fridkin, Esq.<br>Gunster, Yoakley & Stewart, P.A.<br>5551 Ridgewood Drive, Ste. 501<br>Naples, Florida 34108-2719 | Silver Laurel LLC<br>c/o Mark C. Walker<br>Reklaw Management, LLC<br>4080 McGirts Blvd<br>Jacksonville, FL 32210-4381 | Tides Note on Note Lender I, LLC<br>c/o Drew Dillworth, Esq.<br>150 West Flagler St.<br>Suite 2200<br>Miami, FL 33130-1545 |
| U.S. Bank, NA, as Trustee<br>P.O. Box 10826<br>Greenville, SC 29603-0826 | United States Trustee - FTM 11<br>Timberlake Annex, Suite 1200<br>501 E. Polk Street<br>Tampa, FL 33602-3949 | Walton County Tax Collector<br>Attn Toma Rushing<br>842 State Hwy 20 E Ste 122<br>Freeport FL 32439-3904 |