UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:  Case No.: 25-00051-FMD
        Chapter 11
700 TRUST,

        Debtor.
_____/

**DEBTOR'S PRELIMINARY RESPONSE IN OPPOSITION TO
INTERESTED PARTIES' MOTION FOR SANCTIONS AGAINST
GREGORY MYERS, BARBARA KELLY, AND DEBTOR'S COUNSEL
UNDER 11 § U.S.C. 105 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011**

Debtor, 700 TRUST, by and through the undersigned attorney, files this preliminary response in opposition (the "Opposition") to the *Interested Parties' Motion For Sanctions Against Gregory Myers, Barbara Kelly, And Debtor's Counsel Under 11 § U.S.C. 105 And Federal Rule Of Bankruptcy Procedure 9011* (Doc 118) (the "Sanctions Motion"), filed by Naples Property Holding Company, LLC; Naples Beach Club Land Trust Trustee, LLC, as Trustee; Naples Beach Club Phase II and III Land Trust Trustee, LLC, as Trustee; NBC Club Owner, LLC; and Tides Note on Note Lender I, LLC (collectively, "NBC Entities" or "Movants"), and states:

The Sanctions Motion (Doc 118) constitutes an egregious abuse of process.[1] The Sanctions Motion is frivolous, legally meritless, and without factual foundation. The allegations and factual contentions in the Sanctions Motion have no evidentiary support. Fed. R. Bankr. P. 9011(b). The NBC Entities filed the Sanctions Motion to intentionally increase Debtor 700 TRUST's litigation

---

[1] Although the Movants make bold unsubstantiated accusations to paint Debtor in a negative light, there is no evidence to support those accusations. Rather than clutter these pages with responses to every such slanderous statement, 700 TRUST objects to all the characterizations and statements, *en masse*.

costs in this case and for other improper purposes[2], including threatening undersigned counsel. Accordingly, the NBC Entities (not Debtor 700 TRUST or its counsel) have violated Fed. R. Bankr. P. 9011. Here, the NBC Entities have filed multiple motions, including the Sanctions Motion, violating the Local Rules of this Court, wasting the undersigned attorney's time, and causing emotional distress.

The Sanctions Motion has been presented for improper purposes and should be summarily denied. The Sanctions Motion is nothing more than a *transparent* attempt to "hi-jack" the 700 TRUST bankruptcy case to resolve the Movants' differences with Mr. Myers and Ms. Kelly.[3] However, Mr. Myers and Ms. Kelly are not debtors in this case, and neither Mr. Myers nor Ms. Kelly has filed a proof of claim in this case. If the NBC Entities have an issue with Mr. Myers or Ms. Kelly, then they need to direct their concerns somewhere other than the 700 TRUST bankruptcy case.

There is no order or "filing injunction" preventing 700 TRUST from availing itself of the protections afforded to it under the Bankruptcy Code. Further, Debtor 700 TRUST has not violated *any* court order. Accordingly, and as a matter of law, Debtor 700 TRUST cannot be guilty of any "contemptuous conduct" as *disingenuously* alleged by the Movants.

The Movants lack standing to bring the Sanctions Motion. The Movants are not creditors in this bankruptcy case and have no pecuniary interest; therefore, they do not qualify as "parties in interest" in this case. The facts of this case are that: Movants are not creditors of this bankruptcy estate; they have not filed a proof of claim in the case; they are not owed any money from 700

---

[2] See, e.g., REPLY BRIEF OF APPELLANT GREGORY B. MYERS filed in USCA11 Case: 23-13081; Document: 36, a copy of which is attached hereto as **Exhibit A**.
[3] Mr. Gort did not represent Mr. Myers or Ms. Kelly in any of their individual bankruptcy cases and had no obligation to ascertain the status of those matters prior to filing a bankruptcy petition for 700 TRUST.

TRUST; they have no claim against 700 TRUST; they will not receive money or property from the 700 TRUST bankruptcy estate (thus their pecuniary interests are unaffected); and they are unaffected by this bankruptcy proceeding. The purpose of this bankruptcy is to reorganize debts. Therefore, under these circumstances, a non-creditor opposing party to the Debtor cannot show sufficient pecuniary interest in the outcome of the proceedings to constitute a "party in interest." Status as a party in state court litigation is likewise insufficient to justify standing as a "party in interest." Courts generally hold that a defendant in a state court proceeding has no sufficient stake in the bankruptcy to constitute a "party in interest." *See In re D'Antignac,* No. 05-10620, 2013 Bankr. LEXIS 621, at *7 (Bankr. S.D. Ga. Feb. 19, 2013). And if the Movants had any "damage," as they suggest, they should have filed a proof-of-claim, but they didn't.

The *so-called* "equitable servitude" the Movants rely on is a legal nullity. See, e.g., *Warner v. Quicken Loans*, NO. 3:19-cv-1239-J-PDB (M.D. Fla. May. 1, 2020) ("because the probate court lacked jurisdiction over the property, no judgment purporting to bind the property could be binding") (internal citations omitted). Entireties property owned by Ms. Kelly and Mr. Myers was not "property" of Ms. Kelly's individual bankruptcy estate under 11 U.S.C. § 541. See also *Alvarez v. HSBC Bank USA, N.A. (In re Alvarez),* 733 F.3d 136 ( 4th Cir. 2013) ("when an individual who owns property in a tenancy by the entirety files for bankruptcy, '[t]he asset which becomes part of the [bankruptcy] estate is only [the debtor's] interest'") (quoting *In re Ford,* 3 B.R. 559, 575 (Bankr. D. Md. 1980)) (alterations in original). *See also In re Jacobs,* 401 B.R. 202 (Bankr. D. Md. 2008) ("The military pension is not property of the estate, either because it is exempt or because it is Rosemarie's property. *In either case, this Court does not have jurisdiction to determine rights relative to it.")* (emphasis supplied). The Due Process Clause of the U.S. Constitution provides

that nobody may be deprived of life, liberty, or property without due process of law.[4] Here—in the absence of a complaint and summons served on Ms. Kelly and Mr. Myers to afford them Constitutional due process—the bankruptcy court (Ruark, J) intentionally acted outside her subject matter jurisdiction by entering *in rem* orders against entireties property owned by Ms. Kelly and Mr. Myers. *See In re Chappelle,* 2000 Bankr. LEXIS 1910 (Bankr. D.C. April 3, 2000) (adversary proceeding is required to accomplish in rem order concerning property interest of a non-debtor). And while perhaps self-evident, the law does not permit a bankruptcy court to confer subject matter jurisdiction on itself by its own unlawful act.

Further, the Movants' characterization of the proceedings involving the property at 700 Gulf Shore Boulevard, Naples, Florida 34102, is *pure fiction* and a story written along the way. The "status" of that matter is that there was no "foreclosure sale" on October 24, 2024, and to the extent the Collier County Clerk (in collusion with the Movants) entered a bogus certificate of sale, that certificate of sale is fraudulent, void and of no legal force or effect. Without limitation, this is because the foreclosure action was removed to the United States District Court for the District of Maryland on **October 23, 2024**. See **Exhibit B.** It is well settled that any unauthorized action after the case was removed is void *ab initio*. See *Maseda v. Honda Motor* Co., 861 F. 2d 1248, 1254-1256 (11th Cir. 1988), holding that "[a]fter removal, the jurisdiction of the state court ceases until the case is remanded to state court, and any state court proceedings on the case after removal but prior to remand are void ab initio" … "even in a case improperly removed." *Id*. at 1254 n.11. See also *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 640, 97 S. Ct. 2881, 2892 (1977) ("The

---

[4] "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." See H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977).

statutory procedures for removal of a case from state court to federal court provide that the removal acts as a stay of the state-court proceedings.") (plurality opinion) (internal citations omitted). It is black letter law that a judicial sale made under a void decree, with fatal jurisdictional defects, confers no title on the purchaser at the sale. 50 C.J.S. Judicial Sales § 41; 47 Am.Jur.2d, Judicial Sales § 261.

Judge Specie's orders in this case are likewise erroneous and amount to judicial misconduct.[5] Compare Judge Specie's *Memorandum Opinion and Final Order* entered in this case (Doc 90) with Judge Specie's Order entered in *In re Sehman*, 632 B.R. 846 (Bankr. N.D. Fla. 2021), a copy of which is attached hereto as **Exhibit C**.

Respectfully, this Court has no "inherent authority" to impose monetary sanctions against non-debtor third parties pursuant to 11 U.S.C. § 105(a), nor do Article I Courts possess "constitutional authority to enter final orders" affecting non-debtor third parties or non-estate property interests. Further, this Court does not have subject matter jurisdiction over "ongoing matters in other Courts" *that do not involve* 700 TRUST (or what the Movants refer to in the Sanctions Motion as "non-bankruptcy litigation"). It is fundamental that "[a] judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings." *Martin v. Wilks*, 490 U.S. 755, 109 S. Ct. 2180 (1989). Thus, 700 TRUST is not bound by a judgment(s) entered in another case in which 700 TRUST is not designated as a party or to which 700 TRUST has not been made a party by service of process. *Id*.

The provisions of the Bankruptcy Code bound this Court's authority. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988) (holding "whatever equitable powers remain in

---

[5] This Court is advised that <u>all</u> of Judge Specie's orders entered in this case are currently on appeal in the United States District Court for the Northern District of Florida.

the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code"). All courts acknowledge that section 105(a) "'does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.'" *Law v. Siegel*, 571 U.S. 415, 421 (2014). The language of section 105 does not grant this Court *carte blanche* authority to "do the right thing." Instead, the Court's actions must be tethered to the Bankruptcy Code in some way; those actions must be "necessary or appropriate to carry out the provisions of the" Bankruptcy Code. Here, Movants cite no relevant sections of the Bankruptcy Code beyond section 105(a).

Here, the NBC Entities are frustrating Debtor 700 TRUST's efforts to reorganize. Instead of affording the Debtor a "fresh start" as mandated by the Bankruptcy Code, the NBC Entities are asking this Court to grant them a *windfall*.

Debtor 700 TRUST has provided an abbreviated analysis of its opposition to the Sanctions Motion due to its belief that the Movants lack standing. However, in the unlikely event that this Court disagrees with the Debtor about Movants' lack of standing, Debtor 700 TRUST hereby demands an **evidentiary hearing** on the merits of the Sanctions Motion.

**WHEREFORE**, the Debtor, 700 TRUST, respectfully requests that the Court: (1) DENY the Sanctions Motion; (2) Grant Debtor 700 TRUST its attorney fees and costs for defending the Sanctions Motion; and (3) Grant any other relief required under the Bankruptcy Code.[6]

---

[6] The Court is advised that on February 26, 2025 (the "Petition Date"), Gregory Brian Myers ("Mr. Myers") filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Columbia (Washington, D.C.), said petition being docketed as Bankruptcy Petition #: 25-00069-ELG (the "Myers Bankruptcy Petition" or "Myers Bankruptcy Case"). The Myers Bankruptcy Petition constitutes an order for relief pursuant to the provisions of the Bankruptcy Code and the Myers Bankruptcy Case has not been dismissed. The above-captioned case was filed prior to the Myers Bankruptcy Case, and the undersigned attorney is advised that certain of the property and claims upon which the above-captioned case is premised (or judgment if obtained) will be duly scheduled in the Myers Bankruptcy Case. Pursuant to 11 U.S.C. § 362, all further proceedings in the above-captioned case (i.e., Doc 115; Doc 116; Doc

Dated: March 5, 2025

                                                Respectfully submitted,
                                                Gort Law, P.A.

                                                By: */s/Michael A. Gort*
                                                Michael Gort
                                                Florida Bar No. 73809
                                                601 Heritage Drive, Suite 457
                                                Jupiter, FL 33458
                                                561-900-0478 Office
                                                561-900-3213 Text and Fax
                                                E-Service: mike@gortlaw.com
                                                Attorney for the Debtor 700 TRUST

      I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Middle District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(a) and that a true and correct copy of the above-referenced documents was served CM/ECF upon the parties listed on the attached service list on March 5, 2025.

Drew M Dillworth on behalf of Interested Party NBC Club Owner, LLC
ddillworth@stearnsweaver.com, ddillworth@stearnsweaver.com; fsanchez@stearnsweaver.com; jless@stearnsweaver.com;mfernandez@stearnsweaver.com

Drew M Dillworth on behalf of Interested Party Naples Beach Club Land Trust Trustee, LLC, as Trustee
ddillworth@stearnsweaver.com, ddillworth@stearnsweaver.com; fsanchez@stearnsweaver.com; jless@stearnsweaver.com; mfernandez@stearnsweaver.com

Drew M Dillworth on behalf of Interested Party Naples Beach Club Phase II and III Land Trust Trustee, LLC, as Trustee
ddillworth@stearnsweaver.com, ddillworth@stearnsweaver.com; fsanchez@stearnsweaver.com; jless@stearnsweaver.com;mfernandez@stearnsweaver.com

Drew M Dillworth on behalf of Interested Party Naples Property Holding Company, LLC
ddillworth@stearnsweaver.com, ddillworth@stearnsweaver.com; fsanchez@stearnsweaver.com;jless@stearnsweaver.com;mfernandez@stearnsweaver.com

Drew M Dillworth on behalf of Interested Party Tides Note on Note Lender I, LLC
ddillworth@stearnsweaver.com, ddillworth@stearnsweaver.com; fsanchez@stearnsweaver.com;jless@stearnsweaver.com;mfernandez@stearnsweaver.com

---

117; Doc 118; and Doc 119) should be stayed until such time as the automatic stay imposed by 11 U.S.C. § 362 in the Myers Bankruptcy Case is dissolved.

Michael A Gort on behalf of Debtor 700 Trust
mike@gortlaw.com, 1935@notices.nextchapterbk.com

Benjamin E. Lambers on behalf of U.S. Trustee United States Trustee - FTM, 11
Ben.E.Lambers@usdoj.gov

United States Trustee - FTM, 11
USTPRegion21.TP.ECF@USDOJ.GOV

        Respectfully submitted,
        Gort Law, P.A.

        By: */s/Michael A. Gort*
        Michael Gort
        Florida Bar No. 73809
        601 Heritage Drive, Suite 457
        Jupiter, FL 33458
        561-900-0478 Office
        561-900-3213 Text and Fax
        E-Service: mike@gortlaw.com
        Attorney for the Debtor