UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:  Case No.: 25-00051-FMD
  Chapter 11
700 TRUST,

    Debtor.
_____/

**EMERGENCY MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL**

Debtor, 700 TRUST, by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 8002, moves the Court on an emergency basis (the "Motion") for an order extending the deadline for Debtor to file a notice of appeal to the United States District Court for the Middle District of Florida from the following orders entered by this Court on May 12, 2025:

(i) ORDER GRANTING INTERESTED PARTIES' MOTION FOR SANCTIONS AGAINST GREGORY MYERS, BARBARA KELLY, AND DEBTOR'S COUNSEL UNDER 11 U.S.C. § 105 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011 AND DENYING MOTION TO STRIKE (Doc. 140); and

(ii) ORDER GRANTING INTERESTED PARTIES' MOTION TO DISMISS, WITH PREJUDICE, FOR VIOLATING EXISTING FILING INJUNCTIONS AND DENYING MOTION TO STRIKE (Doc. 141).

A copy of Debtor's NOTICE OF APPEAL is attached to this Motion.

Pursuant to Fed. R. Bankr. P. 8002(a)(1), the fourteen-day deadline for Debtor to file Debtor's notice of appeal was Tuesday, May 27, 2025[1]. Once the fourteen-day period to file a notice of appeal expires, the Court may extend the time in which to file if a party shows that the failure to act was the result of excusable neglect. *See* Fed. R. Bankr. P. 8002(d)(1)(B); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

---

[1] Monday, May 26, 2025, was Memorial Day. Notably, undersigned counsel is a U.S. military combat veteran.

Given the history of this case, undersigned counsel has multiple open case files for Debtor 700 TRUST—some of which are for the Northern District of Florida bankruptcy matters and some of which are for the Middle District of Florida bankruptcy matters. The reason for the delay is that counsel for the Debtor noted the appeal deadline in the wrong file, and counsel avers this "confusion" constitutes "excusable neglect" under Fed. R. Bankr. P. 8002(d)(1)(B) and the test in *Pioneer*.

The Federal Rules of Civil Procedure are designed to "facilitate a proper ruling on the merits." *Diaz v. Jaguar Rest. Grp.*, LLC, 627 F.3d 1212, 1214 (11th Cir. 2010). Liberally allowing extensions of time recognizes that enforcing strict deadlines often does little to advance the ends of justice. See, e.g., *Des Isles v. Evans*, 225 F.2d 235, 236 (5th Cir. 1955).

Furthermore, in weighing the factors to determine any prejudice, a court must weigh in the Debtor's favor any prejudice that will arise from a denial of Debtor's Motion to extend time to file a notice of appeal. Here, the irreparable harm to Debtor by not being able to pursue an appeal clearly outweighs any arguable prejudice to other parties caused by a brief three-day delay. Therefore, this Court should grant this Motion as it is in the interests of justice.

**WHEREFORE**, Debtor, 700 TRUST, respectfully requests that the Court enter an order granting Debtor's Emergency Motion to Extend Time to File Notice of Appeal and instructing the clerk to docket the attached NOTICE OF APPEAL.

Dated: May 30, 2025

Respectfully submitted,
Gort Law, P.A.

By: /s/Michael A. Gort
Michael Gort
Florida Bar No. 73809
601 Heritage Drive, Suite 457
Jupiter, FL 33458
561-900-0478 Office
561-900-3213 Text and Fax
E-Service: mike@gortlaw.com
Attorney for the Debtor 700 TRUST

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Middle District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(a) and that a true and correct copy of the above-referenced documents was served CM/ECF upon the parties listed on the attached service list on May 30, 2025.

Drew M Dillworth on behalf of Interested Party NBC Club Owner, LLC
ddillworth@stearnsweaver.com; fsanchez@stearnsweaver.com; jless@stearnsweaver.com; mfernandez@stearnsweaver.com

Drew M Dillworth on behalf of Interested Party Naples Beach Club Land Trust Trustee, LLC, as Trustee
ddillworth@stearnsweaver.com; fsanchez@stearnsweaver.com; jless@stearnsweaver.com; mfernandez@stearnsweaver.com

Drew M Dillworth on behalf of Interested Party Naples Beach Club Phase II and III Land Trust Trustee, LLC, as Trustee
ddillworth@stearnsweaver.com; fsanchez@stearnsweaver.com; jless@stearnsweaver.com; mfernandez@stearnsweaver.com

Drew M Dillworth on behalf of Interested Party Naples Property Holding Company, LLC
ddillworth@stearnsweaver.com; fsanchez@stearnsweaver.com; jless@stearnsweaver.com; mfernandez@stearnsweaver.com

Drew M Dillworth on behalf of Interested Party Tides Note on Note Lender I, LLC
ddillworth@stearnsweaver.com; fsanchez@stearnsweaver.com; jless@stearnsweaver.com; mfernandez@stearnsweaver.com

Michael A Gort on behalf of Debtor 700 Trust
mike@gortlaw.com, 1935@notices.nextchapterbk.com

Benjamin E. Lambers on behalf of U.S. Trustee United States Trustee - FTM, 11
Ben.E.Lambers@usdoj.gov

United States Trustee - FTM, 11
USTPRegion21.TP.ECF@USDOJ.GOV

        Respectfully submitted,
        Gort Law, P.A.

        By: */s/Michael A. Gort*
        Michael Gort
        Florida Bar No. 73809
        601 Heritage Drive, Suite 457
        Jupiter, FL 33458
        561-900-0478 Office
        561-900-3213 Text and Fax
        E-Service: mike@gortlaw.com
        Attorney for the Debtor 700 TRUST