ORDERED.

**Dated: June 24, 2025**

*Caryl E. Dellano*

Caryl E. Delano
**Chief** United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                              Case No. 2:25-bk-00051-FMD
                                                    Chapter 11
700 Trust,

      Debtor.
_____/

### ORDER DISMISSING APPEAL AS UNTIMELY FILED

THIS CASE came on for consideration without a hearing of the *Notice of Appeal* filed by 700 Trust ("Debtor") on June 12, 2025 (the "Appeal").[1] Debtor appeals from this Court's *Order Granting Interested Parties' Motion for Sanctions Against Gregory Myers, Barbara Kelly, and Debtor's Counsel* (the "Sanctions Order")[2] and its *Order*

_____

[1] Doc. No. 156.

[2] Doc. No. 140.

*Granting Interested Parties' Motion to Dismiss, with Prejudice* (the "Dismissal Order").[3] For the reasons set forth below, the Court will dismiss the Appeal as untimely filed.

The Court entered the Dismissal Order and the Sanctions Order on May 12, 2025. Under Federal Rule of Bankruptcy Procedure 8002(a)(1), the deadline for appealing the Dismissal Order and the Sanctions Order was May 27, 2025.

On May 30, 2025—three days after the appeal deadline had expired—Debtor filed its *Emergency Motion to Extend Time to Appeal* to which it attached a copy of a notice of appeal of the Sanctions Order and the Dismissal Order.[4] In the Motion to Extend Time to Appeal, Debtor alleged that its failure to file the notice of appeal by the May 27 deadline was the result of excusable neglect.

The Court held a hearing on the Motion to Extend Time to Appeal on June 11, 2025. After considering the arguments of counsel, the Court orally denied Debtor's Motion to Extend Time to Appeal. To summarize the Court's ruling, although Federal Rule of Bankruptcy Procedure 8002(d)(1)(B) authorizes the Court to extend the time for filing a notice of appeal if a party files a motion within 21 days of the appeal deadline and demonstrates excusable neglect, the Court concluded that Debtor failed to demonstrate excusable neglect under the standards established by the Supreme

---

[3] Doc. No. 141.

[4] Doc. No. 148.

Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*.[5] The Court entered its *Order Denying Debtor's Emergency Motion to Extend Time to Appeal* on June 16, 2025.[6]

Meanwhile, on June 12—notwithstanding the Court's having denied the Motion to Extend Time at the June 11 hearing—Debtor filed its Notice of Appeal.

In *In re Williams*, the Eleventh Circuit clarified that because a timely notice of appeal is mandatory and jurisdictional, an appellate court is without jurisdiction to hear an untimely appeal:

> The Supreme Court has emphasized that the timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal.[7]

Because Debtor's Appeal is untimely, the District Court, sitting as the appellate court, has no jurisdiction to hear the appeal. Accordingly, it is

**ORDERED** that the Appeal is DISMISSED.

Clerk's Office to serve on interested parties via CM/ECF.

---

[5] 507 U.S. 380, 395 (1993).

[6] Doc. No. 157.

[7] *Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1298 (11th Cir. 2000) (quoting *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir.1996)).